UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY ADAMS, | No.  1:23-cv-01100-SAB (PC) |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT |
| v. | |
| HEATHER SHIRLEY, | (ECF No. 1) |
| Defendant. | |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed July 21, 2023.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

///

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**SUMMARY OF ALLEGATIONS**

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff arrived at Wasco State Prison on May 16, 2023.  Plaintiff suffers from a history of chronic infections when he urinates.  After Plaintiff arrived at Wasco, he began drinking a regular amount of water and within 6 days he began having severe pain when urinating.  Plaintiff wrote numerous requests to medical staff who refused to correctly treat the ongoing infections due to retaliation from previous prison institutions.

On June 9, 2023, Plaintiff wrote a Form 22 to Warden Heather Shirley explaining that the case records analyst refused to correctly correct his earliest parole release date (EPRD) because he is to receive day for day credit.  The refusal to correctly calculate Plaintiff's EPRD release date

is causing mental health issues.  Warden Shirley failed to address, discipline, or correct the improper calculation of his release date.

On June 14, 2023, Plaintiff was seen by a urologist who refused to give him antibiotics, a CT scan, MRI or any other treatment because Plaintiff refused to let him touch Plaintiff's testicles and anus.  Plaintiff has submitted numerous medical requests, but the doctor refuses to treat the infections.  Plaintiff also has a huge lump on his side that causes severe abdominal pain.

Dr. KaiChin should have known that it is impossible for the infection to go away without antibiotics.

**III.**

**DISCUSSION**

**A.    Deliberate Indifference to Serious Medical Need**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (citation omitted).

"A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain."  Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (citation and internal quotation marks omitted).  "Indications that a plaintiff has a serious medical need include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'"  Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014).

In support of his claim of deliberate indifference, Plaintiff submits medical documents

relates dating back to 2017, and the response to his inmate appeal belies his claim of deliberate indifference.  In denying Plaintiff's appeal, it was specifically noted as follows:

> Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed.  These records indicate a two-year history of chronic dysuria and prostatitis.  You have twice previously refused to be examined by the urologist as you believe the evaluation is only meant to degrade and discourage you.  You are encouraged to comply with all physical orders and while you have the right to refuse most health care, you are considered an active partner in the health care delivery system.  You are encouraged to cooperate with your health care providers in an effort to achieve an optimal clinical outcome.
>
> …
>
> You request an MRI, CT scan of entire body and a cancer test on your stomach.  Your prostate specific antigen (PSA) is very low at .3 which rules out prostate cancer and your fecal occult blood test (FOBT) is negative.  There is no medical indication for further diagnostic testing.  While you may not agree with the decisions of your treatment team, it does not constitute staff misconduct or deliberate indifference to your health care needs.  You have received primary care provider evaluation and monitoring for your history of dysuria and prostatitis.  The primary care provider completed assessments, noted review of your history, current symptoms, and laboratory/imaging results, and developed a plan of care, including treatments, medications, accommodations, and indicated referrals, etc.  Your most recent urine culture indicates bacteria resulting in a Urinary Tract Infection (URI) for which the antibiotic medication ciprofloxacin was prescribed.  Recent x-rays of your lumbar spine on 11/19/19 rules out current injury or trauma, no osseous abnormalities were identified.  Your laboratory results do not support a diagnosis of diabetes and all tests for Syphilis, Chlamydia, Gonorrhea, HIV and Hepatitis are negative.  There is no evidence to support your allegation that your medical records have been falsified, switched or tampered with and an authorization for health care record release processed on 11/26/19 reflects that you were issued copies of your medical record on 12/10/19.

(ECF No. 1 at 16.)

Plaintiff's claim that he was not provided the medical treatment of his choice does not give rise to a claim for relief.  Plaintiff has not presented sufficient factual allegations to demonstrate that any Defendant acted with deliberate indifference to a serious medical need, and Plaintiff's mere disagreement with the failure to prescribe certain medication does not give rise to a claim for relief.  Further, the fact that Plaintiff was previously prescribed certain medications does not support a finding that a subsequent doctor acted with deliberate indifference in failing to provide the same medication.  In fact, the response to Plaintiff's inmate grievance demonstrates that he has been evaluated and treated for his medical conditions.  In addition, Plaintiff submits a medication

1    report by Dr. KaiChin indicating that his June 28, 2023, test results were evaluated and he was

2    scheduled for a follow-up appointment.  Thus, it is clear that Plaintiff has been medically evaluated

3    and provided medical has been conducted.  Accordingly, Plaintiff fails to state a cognizable claim

4    for relief.

5    **B.    Calculation of Release Date**

6    Plaintiff contends that EPRD has been improperly calculated prolonging his incarceration.

7    Federal courts have jurisdiction over habeas claims by state prisoners only where the claims

8    challenge the fact or duration of a petitioner's conviction or sentence. Nettles v. Grounds, 830

9    F.3d 922, 927, 941 (9th Cir. 2016) (en banc). These claims are considered "within the core of

10    habeas corpus." Conversely, a "§ 1983 action is the exclusive vehicle for claims brought by state

11    prisoners that are not within the core of habeas corpus[,]" and "an action that, even if successful,

12    will not demonstrate the invalidity of any outstanding criminal judgment falls within § 1983's

13    scope[.]" Id. at 927-28 (internal citations, emphasis, and quotation marks omitted); see also

14    Wilkinson v. Dotson, 544 U.S. 74, 86 (2005) (for "federal courts to order relief that neither

15    terminates custody, accelerates the future date of release from custody, [or] reduces the level of

16    custody" in a habeas action "would utterly sever the writ from its common-law roots" (Scalia, J.,

17    concurring)).

18    The complaint does not specify what sentences were imposed by the trial court, precisely

19    how Plaintiff's sentence was miscalculated, or what the sentence and presumptive release date

20    would be if calculated correctly. Plaintiff generally references he is "supposed to receive day for

21    day credit," and that the improper calculation has prolonged his sentence.  The latter statement

22    suggests that Plaintiff is currently being held in custody in violation of his rights. Both statements

23    imply that a finding of error by Defendants, and its correction, would necessarily result in an

24    earlier release date.

25    Claims challenging the fact or duration of a criminal sentence—including claims that

26    challenge administrative actions affecting the length of custody—fall within the core of habeas

27    corpus. Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).  State prisoners may not attack the fact or

28    length of their confinement in a § 1983 action and "habeas corpus is the appropriate remedy" for

1   such claims. Id. at 490; see also Nettles v. Grounds, 830 F.3d 922, 930 (9th Cir. 2016) (holding

2   that habeas corpus is the exclusive remedy for claims that lie at the core of habeas, while § 1983

3   is the exclusive remedy for state prisoner claims that do not lie at the core of habeas).

4         The complaint before the court does not contain enough facts about Plaintiff's sentence(s)

5   and the alleged errors to permit determination whether his claims may be brought under § 1983 or

6   must be brought in habeas. If success on his claims would necessarily lead to speedier release,

7   Plaintiff's claims fall within the core of habeas jurisdiction. See Nettles, supra. In that case, a suit

8   for damages may not be brought unless and until Plaintiff first has his sentence set aside or

9   corrected, in habeas proceedings or otherwise. See Edwards v. Balisok, 520 U.S. 641, 643 (1997);

10  Heck v. Humphrey, 512 U.S. 477, 487 (1994).

11      **C.**    **Supervisory Liability**

12        To the extent Plaintiff seeks to hold Defendant Warden Shirley liable based solely on her

13  supervisory role, he may not do so.  Liability may not be imposed on supervisory personnel for

14  the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556

15  U.S. at 676-77; Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing

16  v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934

17  (9th Cir. 2002).

18        Supervisors may be held liable only if they "participated in or directed the violations, or

19  knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th

20  Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567

21  F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal

22  participation if the official implemented "a policy so deficient that the policy itself is a

23  repudiation of constitutional rights and is the moving force of the constitutional violation."

24  Redman v. Cnty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations

25  marks omitted).  Plaintiff's conclusory contention that Warden Shirley failed to address,

26  discipline, or correct the improper calculation of his release date.  Moreover, there can be no

27  supervisory liability if there is no underlying constitutional violation.  Accordingly, Plaintiff fails

28  to state a cognizable claim against Warden Shirley.

1    **D.    Retaliation**

2    Allegations of retaliation against a prisoner's First Amendment rights may support a § 1983

3    claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez,

4    866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). A retaliation

5    claim requires "five basic elements: (1) An assertion that a state actor took some adverse action

6    against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4)

7    chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

8    advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)

9    (footnote omitted); accord Watson v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v.

10   Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

11   To the extent Plaintiff contend that Defendants retaliated against him, he has failed to allege

12   that any adverse action was taken because of the exercise of his constitutional rights.  Accordingly,

13   Plaintiff fails to state a cognizable claim for relief.

14   **IV.**

15   **CONCLUSION AND ORDER**

16   For the reasons discussed, Plaintiff fails to state a cognizable claim for relief and shall be

17   granted leave to file an amended complaint to cure the deficiencies identified in this order, if she

18   believes she can do so in good faith.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

19   Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

20   each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal,

21   556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to

22   raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations

23   omitted).  Further, Plaintiff may not change the nature of this suit by adding new, unrelated

24   claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

25   Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

26   Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended

27   complaint must be "complete in itself without reference to the prior or superseded pleading."

28   Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.    Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;

3.    Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length; and

4.    If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:   **August 10, 2023**

UNITED STATES MAGISTRATE JUDGE