UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY ADAMS,<br><br>          Plaintiff,<br><br>    v.<br><br>HEATHER SHIRLEY,<br><br>          Defendant. | No. 1:23-cv-01100-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF No. 13) |

      Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on July 21, 2023.

      On August 11, 2023, the Court screened Plaintiff's complaint, found no cognizable claim, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 9.) Plaintiff failed to file an amended complaint or otherwise respond to the Court's order. Therefore, on September 20, 2023, the Court ordered Plaintiff to show cause why the action should not be dismissed. (ECF No. 10.) Plaintiff filed a response on October 3, 2023. (ECF No. 11.) In his response, Plaintiff stated that he was not able to file an amended complaint because he was placed in administrative segregation and was without his legal property. (Id.) On October 4, 2023, the Court discharged the order to show cause and granted Plaintiff thirty day to file an amended complaint in accordance with the Court's August 11, 2023 screening order. (ECF No. 12.)

1

1 Plaintiff has not filed an amended complaint or otherwise responded to the Court's October 4,
2 2023, order and the time to do so has passed. Accordingly, on November 13, 2023, the Court
3 again ordered Plaintiff to show cause why the action should not be dismissed. (ECF No. 13.)
4 Plaintiff has not responded to the order to show cause and the time to do so has passed.
5 Accordingly, dismissal is warranted.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d

at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff arrived at Wasco State Prison on May 16, 2023. Plaintiff suffers from a history of chronic infections when he urinates. After Plaintiff arrived at Wasco, he began drinking a regular amount of water and within 6 days he began having severe pain when urinating. Plaintiff wrote numerous requests to medical staff who refused to correctly treat the ongoing infections due to retaliation from previous prison institutions.

On June 9, 2023, Plaintiff wrote a Form 22 to Warden Heather Shirley explaining that the case records analyst refused to correctly correct his earliest parole release date (EPRD) because he is to receive day for day credit. The refusal to correctly calculate Plaintiff's EPRD release date is causing mental health issues. Warden Shirley failed to address, discipline, or correct the improper calculation of his release date.

On June 14, 2023, Plaintiff was seen by a urologist who refused to give him antibiotics, a CT scan, MRI or any other treatment because Plaintiff refused to let him touch Plaintiff's testicles and anus. Plaintiff has submitted numerous medical requests, but the doctor refuses to treat the infections. Plaintiff also has a huge lump on his side that causes severe abdominal pain.

Dr. KaiChin should have known that it is impossible for the infection to go away without antibiotics.

## III.

## DISCUSSION

**A.     Deliberate Indifference to Serious Medical Need**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th

3

1   Cir. 2014); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  The two-part test for deliberate
2   indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure
3   to treat a prisoner's condition could result in further significant injury or the 'unnecessary and
4   wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately
5   indifferent."  Jett, 439 F.3d at 1096 (citation omitted).

6        "A medical need is serious if failure to treat it will result in significant injury or the
7   unnecessary and wanton infliction of pain."  Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir.
8   2014) (citation and internal quotation marks omitted).  "Indications that a plaintiff has a serious
9   medical need include '[t]he existence of an injury that a reasonable doctor or patient would find
10  important and worthy of comment or treatment; the presence of a medical condition that
11  significantly affects an individual's daily activities; or the existence of chronic and substantial
12  pain.'"  Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014).

13       In support of his claim of deliberate indifference, Plaintiff submits medical documents
14  relates dating back to 2017, and the response to his inmate appeal belies his claim of deliberate
15  indifference.  In denying Plaintiff's appeal, it was specifically noted as follows:

> Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed.  These records indicate a two-year history of chronic dysuria and prostatitis.  You have twice previously refused to be examined by the urologist as you believe the evaluation is only meant to degrade and discourage you.  You are encouraged to comply with all physical orders and while you have the right to refuse most health care, you are considered an active partner in the health care delivery system.  You are encouraged to cooperate with your health care providers in an effort to achieve an optimal clinical outcome.
>
> …
>
> You request an MRI, CT scan of entire body and a cancer test on your stomach.  Your prostate specific antigen (PSA) is very low at .3 which rules out prostate cancer and your fecal occult blood test (FOBT) is negative.  There is no medical indication for further diagnostic testing.  While you may not agree with the decisions of your treatment team, it does not constitute staff misconduct or deliberate indifference to your health care needs.  You have received primary care provider evaluation and monitoring for your history of dysuria and prostatitis.  The primary care provider completed assessments, noted review of your history, current symptoms, and laboratory/imaging results, and developed a plan of care, including treatments, medications, accommodations, and indicated referrals, etc.  Your most recent urine culture indicates bacteria resulting in a Urinary Tract Infection

> (URI) for which the antibiotic medication ciprofloxacin was prescribed.  Recent x-rays of your lumbar spine on 11/19/19 rules out current injury or trauma, no osseous abnormalities were identified.  Your laboratory results do not support a diagnosis of diabetes and all tests for Syphilis, Chlamydia, Gonorrhea, HIV and Hepatitis are negative.  There is no evidence to support your allegation that your medical records have been falsified, switched or tampered with and an authorization for health care record release processed on 11/26/19 reflects that you were issued copies of your medical record on 12/10/19.

(ECF No. 1 at 16.)

Plaintiff's claim that he was not provided the medical treatment of his choice does not give rise to a claim for relief.  Plaintiff has not presented sufficient factual allegations to demonstrate that any Defendant acted with deliberate indifference to a serious medical need, and Plaintiff's mere disagreement with the failure to prescribe certain medication does not give rise to a claim for relief.  Further, the fact that Plaintiff was previously prescribed certain medications does not support a finding that a subsequent doctor acted with deliberate indifference in failing to provide the same medication.  In fact, the response to Plaintiff's inmate grievance demonstrates that he has been evaluated and treated for his medical conditions.  In addition, Plaintiff submits a medication report by Dr. KaiChin indicating that his June 28, 2023, test results were evaluated and he was scheduled for a follow-up appointment.  Thus, it is clear that Plaintiff has been medically evaluated and provided medical has been conducted.  Accordingly, Plaintiff fails to state a cognizable claim for relief.

### B.      Calculation of Release Date

Plaintiff contends that EPRD has been improperly calculated prolonging his incarceration.

Federal courts have jurisdiction over habeas claims by state prisoners only where the claims challenge the fact or duration of a petitioner's conviction or sentence. Nettles v. Grounds, 830 F.3d 922, 927, 941 (9th Cir. 2016) (en banc). These claims are considered "within the core of habeas corpus." Conversely, a "§ 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus[,]" and "an action that, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment falls within § 1983's scope[.]" Id. at 927-28 (internal citations, emphasis, and quotation marks omitted); see also Wilkinson v. Dotson, 544 U.S. 74, 86 (2005) (for "federal courts to order relief that neither

terminates custody, accelerates the future date of release from custody, [or] reduces the level of custody" in a habeas action "would utterly sever the writ from its common-law roots" (Scalia, J., concurring)).

The complaint does not specify what sentences were imposed by the trial court, precisely how Plaintiff's sentence was miscalculated, or what the sentence and presumptive release date would be if calculated correctly. Plaintiff generally references he is "supposed to receive day for day credit," and that the improper calculation has prolonged his sentence. The latter statement suggests that Plaintiff is currently being held in custody in violation of his rights. Both statements imply that a finding of error by Defendants, and its correction, would necessarily result in an earlier release date.

Claims challenging the fact or duration of a criminal sentence—including claims that challenge administrative actions affecting the length of custody—fall within the core of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). State prisoners may not attack the fact or length of their confinement in a § 1983 action and "habeas corpus is the appropriate remedy" for such claims. Id. at 490; see also Nettles v. Grounds, 830 F.3d 922, 930 (9th Cir. 2016) (holding that habeas corpus is the exclusive remedy for claims that lie at the core of habeas, while § 1983 is the exclusive remedy for state prisoner claims that do not lie at the core of habeas).

The complaint before the court does not contain enough facts about Plaintiff's sentence(s) and the alleged errors to permit determination whether his claims may be brought under § 1983 or must be brought in habeas. If success on his claims would necessarily lead to speedier release, Plaintiff's claims fall within the core of habeas jurisdiction. See Nettles, supra. In that case, a suit for damages may not be brought unless and until Plaintiff first has his sentence set aside or corrected, in habeas proceedings or otherwise. See Edwards v. Balisok, 520 U.S. 641, 643 (1997); Heck v. Humphrey, 512 U.S. 477, 487 (1994).

**C.    Supervisory Liability**

To the extent Plaintiff seeks to hold Defendant Warden Shirley liable based solely on her supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556

U.S. at 676-77; Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman v. Cnty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted).  Plaintiff's conclusory contention that Warden Shirley failed to address, discipline, or correct the improper calculation of his release date.  Moreover, there can be no supervisory liability if there is no underlying constitutional violation.  Accordingly, Plaintiff fails to state a cognizable claim against Warden Shirley.

**D.    Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights may support a § 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). A retaliation claim requires "five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); accord Watson v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

To the extent Plaintiff contend that Defendants retaliated against him, he has failed to allege that any adverse action was taken because of the exercise of his constitutional rights. Accordingly, Plaintiff fails to state a cognizable claim for relief.

///

# IV.

## FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's complaint, and on August 11, 2023, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days. (ECF No. 9.) Plaintiff did not file an amended complaint or otherwise respond to the Court's August 11, 2023 order. Therefore, on November 13, 2023, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed. (ECF No. 13.) Plaintiff failed to respond to the November 13, 2023 order and the time to do so has passed.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of August 11, 2023 and has not done so. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's August 11, 2023, order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an

1  amended complaint in compliance with this order, the Court will recommend to a district judge
2  that this action be dismissed consistent with the reasons stated in this order." (ECF No. 9.)  In
3  addition, the Court's November 13, 2023, order to show cause specifically stated: "Plaintiff's
4  failure to comply with this order will result in a recommendation to dismiss the action for the
5  reasons stated above." (ECF No. 13.) Thus, Plaintiff had adequate warning that dismissal would
6  result from her noncompliance with the Court's order.

**V.**

**ORDER AND RECOMMENDATION**

The Court has screened Plaintiff's complaint and directed Plaintiff to file an amended complaint within thirty days.  Plaintiff has failed to comply with the Court's order to file an amended and has not responded to the Court's order to show why the action should not be dismissed.  In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to obey the August 11, 2023 and November 13, 2023 orders, failure to prosecute this action, and failure to state a cognizable claim for relief.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to comply with a court orders, failure to prosecute, and failure to state a cognizable claim for relief.

This Findings and Recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this Recommendation, Plaintiff may file written objections to this findings and recommendation with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan,

923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 7, 2023**

UNITED STATES MAGISTRATE JUDGE