UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY ADAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HEATHER SHIRLEY,<br><br>　　　　　Defendant. | No. 1:23-cv-01100-KES-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, AND DISMISSING ACTION<br><br>(ECF No. 15) |

Plaintiff Henry Adams is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 11, 2023, the assigned magistrate judge screened the complaint, found it failed to state a cognizable claim for relief, and granted plaintiff thirty days to file an amended complaint. (Doc. 9.) On September 20, 2023, the magistrate judge issued an order to show cause why this action should not be dismissed due to plaintiff's failure to file an amended complaint or otherwise respond to the screening order. (Doc. 10.) On October 3, 2023, plaintiff filed a response to the order to show cause explaining that he was not able to file an amended complaint because he was placed in administrative segregation and was without his legal property. (Doc. 11.) That response included an amended civil rights complaint form—mistakenly marked as an original complaint—which provided additional allegations, attached at least one new exhibit, and

1

asserted an additional constitutional basis in support of plaintiff's lawsuit. (*Id.*)

On October 4, 2023, the magistrate judge discharged its prior order to show cause and granted plaintiff thirty days to file an amended complaint. (Doc. 12.) On November 13, 2023, the magistrate judge issued a second order to show cause why this case should not be dismissed, noting that "Plaintiff has not filed an amended complaint or otherwise responded to the Court's October 4, 2023, order and the time to do so has passed." (Doc. 13 at 1–2.) However, it does not appear that plaintiff's amended civil rights complaint form submitted with his filing on October 3, 2023 (Doc. 11 at 3– 22), was ever screened.

On December 7, 2023, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed for failure to comply with court orders, failure to prosecute, and failure to state a cognizable claim upon which relief may be granted. (Doc. 15.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen days after service. (*Id.*) On December 18, 2023, the findings and recommendations were returned as undeliverable. On April 8, 2024, the order reassigning this case to the undersigned was also returned as undeliverable. Plaintiff has not filed objections to the findings and recommendations, filed a notice of change of address, or otherwise communicated with the court since October 3, 2023.[1]

In accordance with the provisions of 28 U.S.C. § 636 (b)(1), this court has conducted a de novo review of the case. The Court adopts the findings and recommendations in part, to the extent they recommend dismissal based on plaintiff's failure to respond to the magistrate judge's November 13, 2023, order to show cause and failure to prosecute this action. This action will be dismissed for failure to prosecute and failure to comply with a court order.

Under Local Rule 183(b), "[i]f mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing

---

[1] Though the findings and recommendations were returned as undeliverable, they were properly served on plaintiff. *See* L.R. 182(f) ("Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective.")

parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." L.R. 183(b). In this case, more than sixty-three days have elapsed since the findings and recommendations were returned as undeliverable, and plaintiff has yet to provide the court with his current address.[2]

In determining whether to dismiss a case for lack of prosecution, the Ninth Circuit has held that district courts must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Here, the *Henderson* factors weigh in favor of dismissal. The public's interest in expeditious resolution of litigation and the court's need to manage its docket weigh in favor of dismissal because the court cannot effectively manage its docket, nor can the litigation be expeditiously resolved if plaintiff does not litigate his case. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). Regardless of plaintiff's filing on October 3, 2023, the magistrate judge's second order to show cause required plaintiff's action and plaintiff has not responded to it. (Doc. 13.) Moreover, the findings and recommendations were returned as undeliverable, and plaintiff has failed to update his address with the court. As to the third factor, the risk of prejudice to the defendant also weighs in favor of dismissal given that unreasonable delay in a case gives rise to a presumption of injury to the defendant. *See, e.g., Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

While the fourth consideration, that public policy favors disposition of cases on their merits, generally weighs against dismissal, here it lends little support "to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d

---

[2] Under Local Rule 110, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." L.R. 110. Dismissal of a case is a sanction within the court's inherent power. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000).

1217, 1228 (9th Cir. 2006) (citations omitted).  Finally, the magistrate judge's warnings in its second order to show cause issued November 13, 2023, that plaintiff's failure to comply with the court's order may result in dismissal of this action, (Doc. 13), satisfies the "considerations of the alternatives" requirement.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Additionally, at this stage in the proceedings there is little else available to the court that would constitute a satisfactory lesser sanction given the court's inability to communicate with plaintiff.  *See, e.g.*, *Gaston v. Marean*, No. 118CV00569AWIBAMPC, 2020 WL 4059200, at *3 (E.D. Cal. July 20, 2020) ("given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address."), *report and recommendation adopted*, No. 118CV00569AWIBAMPC, 2020 WL 4890039 (E.D. Cal. Aug. 20, 2020).

Accordingly:

1. The findings and recommendations issued on December 7, 2023 (Doc. 15), are adopted in part;
2. This action is dismissed, without prejudice, for failure to comply with court orders and failure to prosecute; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   November 21, 2024

UNITED STATES DISTRICT JUDGE